UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF BITWALLET PTE. LTD., <br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 22-mc-80182-HSG <br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. SECTION 1782**<br><br>Re: Dkt. No. 1 |

Applicant Bitwallet Pte. Ltd. ("Bitwallet") has filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Meta Platforms, Inc. ("Meta"). Dkt. No. 1. For the reasons stated below, the Court **GRANTS** the ex parte application.

## I.   BACKGROUND

According to the application, someone using a Facebook account with the display name "Mizuta Tadashi" ("水田忠志" in Japanese) published a post with allegedly false statements regarding Applicant. Dkt. No. 1 at 2.

Bitwallet contends that the post is defamatory and says it intends to file a lawsuit for defamation in Japan against the Facebook account user. Dkt. No. 1 at 2-3. The Applicant requests permission to serve a subpoena on Meta "to discover personal identifying information . . . that can be used to identify the true identity" of the person who made the post. *Id.* at 3.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–

47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"
>
> (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and
>
> (4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). In the absence of evidence that a foreign tribunal or government objects to assistance from discovery under § 1782, the second factor weighs in favor of authorizing the subpoena. *See In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *3 (N.D. Cal. Aug. 10, 2021) (applicant represented that Japanese courts would be receptive to assistance from discovery in the U.S. and the court found no evidence to the contrary, subpoena issued). Regarding the fourth factor, courts have held that discovery under § 1782 of access logs or other records of a user's online activity, are not unduly burdensome when applicant demonstrates that they are relevant, necessary, and limited to a reasonable time period. *See id.* at *4-5; *see also Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 900 (N.D. Cal. 2021).

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III.   DISCUSSION

#### A.   Statutory Requirements

The application satisfies the statutory requirements of § 1782(a). *First*, the subpoena seeks discovery from Meta, which is located in this district. Dkt. No. 1 at 2-3. *Second*, the Applicant requests this discovery for use in a civil action that it intends to file in Japan once it learns the identity of the Facebook account user responsible for the relevant posting. *Id.* at 3. This proceeding before a foreign tribunal appears to be imminent and is within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). *Third*, the Applicant, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute. *See* Dkt. No. 1 at 6.

#### B.   *Intel* Factors

Although the application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

### 1. Participation of Target in the Foreign Proceeding

Under the first factor, the Court considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 247. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

According to the application, Meta will not be a party to the civil action Applicant plans to bring in Japan. Dkt. No. 1 at 6-7. The documents that the Applicant seeks by subpoena are located in the United States, and the Applicant contends that the evidence is thus outside the reach of a Japanese court's jurisdiction. *Id*; Dkt. No. 1-2 at ¶ 13. Under these circumstances, the Court finds that there is a need for assistance pursuant to § 1782, so this factor weighs in favor of authorizing service of the subpoena.

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "If there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under § 1782. *See*, *e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming denial of § 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery). However, where there is no evidence that the foreign government or tribunal would object to assistance from a United States federal

4

1  court, this factor weighs in favor of authorizing discovery. *In re Med. Corp. Seishinkai*, 2021 WL
2  3514072, at *3.
3        The Applicant supports his application with the declaration of Akio Noguchi, an attorney
4  registered to practice law in Japan. Dkt. No. 1-2 ¶¶ 1-3. Mr. Noguchi represents that in his
5  experience Japanese courts have been receptive in other matters to assistance in discovery from
6  the United States, and that he is unaware of any restriction or policy that would limit U.S. federal
7  court judicial assistance. Dkt. No. 1-2 ¶¶ 14-15.
8        In the absence of evidence that Japanese courts would object to Applicant's discovery of
9  the information sought in the subpoena, or that Japanese courts object more generally to the
10 judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of
11 authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

13       Under the third factor, the Court considers whether Applicant's request for discovery
14 "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a
15 foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has
16 side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a
17 factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted).
18 Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest
19 that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re
20 Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see
21 also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at
22 *3 (N.D. Cal. Mar. 30, 2018).
23       The Applicant's attorney Mr. Noguchi represents that the "Applicant is not attempting to
24 circumvent any foreign proof-gathering restrictions or other policies of Japan or the United
25 States." Dkt. No. 1-2 ¶ 16. In the absence of contrary information regarding the procedures
26 acceptable to a Japanese court for identifying a Facebook account user, the Court concludes that
27 this factor also weighs in favor of authorizing service of the subpoena.
28

### 4. Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome" *Intel*, 542 U.S. at 265. Request Nos. 1-2 in Applicant's proposed subpoena to Meta seek the following categories of documents with regard to "ACCOUNT," the Facebook account at issue:

REQUEST FOR PRODUCTION NO. 1. ALL DOCUMENTS showing the following information ever registered with the ACCOUNT:

(i) names;

(ii) physical, billing, shipping, or ALL other addresses;

(iii) recovery, authentication, or ALL other e-mail addresses;

(iv) recovery, authentication, or ALL other telephone numbers;

(v) ALL names and addresses of ALL credit cards registered to the ACCOUNT (but not the credit card number, expiration date, or card validation code); and,

(vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to the ACCOUNT.

REQUEST FOR PRODUCTION NO. 2. ALL DOCUMENTS showing the following information as of the date that the ACCOUNT was created, and for the three-month period immediately preceding July 18, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of the ACCOUNT.

Dkt. No. 1, Ex. A at 1-2.

The subpoena does not seek the content of any communications associated with the accounts at issue. *See*, *e.g.*, *Optiver Australia Pty. Ltd. v. Tibra Trading Pt. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771, at *3 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*). The subpoena seeks only the names, addresses, and contact information for the persons whose credit card or other payment method is associated with the account and does not seek disclosure of credit card numbers or any other sensitive information. *See In re Frontier Co., Ltd.*, Case No. 19-mc-80184-LB, 2019 WL

3345348, at *1, *5 (N.D. Cal. July 25, 2019) (issuing a subpoena for the name, address, email address, and telephone number associated with the account). Moreover, the subpoena limits the request for IP addresses and time stamps to a period of time reasonably calculated to identify the owner of the Facebook account who created the post at issue. *See In re Med. Corp. Seishinkai* 2021 WL 3514072, at *5 (authorizing a subpoena seeking access logs for the subject account as of the date the account was created and for the three-month period immediately preceding the date the application was filed until the date of recipient Google's response).

Applicant does not state whether the information it seeks is confidential to the account user at issue, but the Court assumes that it is. Nevertheless, the Court finds that the Applicant has attempted to narrowly tailor the subpoena to seek only sufficient information to identify the user of the account at issue. Therefore, the fourth *Intel* factor also weighs in favor of discovery.

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** the application. Dkt. No. 1. The Applicant may serve the proposed subpoena on Meta. *See* Dkt. No. 1, Ex. A.

This order does not foreclose a motion to quash or modify the subpoena by Meta following service or by the Facebook account user whose identifying information is sought, and the Court orders Applicant to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Applicant must also serve a copy of this order on Meta.

2. Within 10 calendar days of service of the subpoena and this order, Meta shall notify the account user that their identifying information is sought by Applicant and shall serve a copy of this order on the account user.

3. Meta and/or each account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).

4. If any party contests the subpoena, Meta shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.

//

5. Any information Applicant obtains pursuant to the subpoena may only be used for purposes of the anticipated action in Japan, and Applicant may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**IT IS SO ORDERED.**

Dated: 1/30/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge